UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

INNOVATIVE WOUND HEALING & DERMATOLOGY PLLC, a Washington professional limited liability company,

Plaintiff,

v.

ROBERT F. KENNEDY, JR.
In his Official Capacity as
SECRETARY OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.

Defendant.

NO.

COMPLAINT FOR JUDICIAL REVIEW

MEDICARE APPEALS COUNCIL
DOCKET NO. M-25-2904

OMHA APPEAL
NO. 3-14494568214

COMES NOW Plaintiff, Innovative Wound Healing & Dermatology PLLC ("Innovative" or "Plaintiff"), by and through its attorneys of record, Adam G. Snyder and Adriana C. Lein, of Ogden Murphy Wallace, and for a Complaint against Defendant Secretary of Health and Human Services, alleges as follows:

**PRELIMINARY STATEMENT**

1. Innovative brings this action for judicial review of a Medicare administrative determination pursuant to 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1395ff.

COMPLAINT FOR JUDICIAL REVIEW - 1

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

2. This action arises through escalation to federal court under 42 C.F.R. § 405.1132 after the Medicare Appeals Council failed to timely adjudicate Plaintiff's appeal and issued an Order Granting Request for Escalation.  A true and correct copy of the Order Granting Request for Escalation is attached as **Exhibit 1**.

3. Plaintiff seeks review of an unfavorable Administrative Law Judge ("ALJ") decision dated April 15, 2025, by Judge Angela Wilt, which denied Medicare Part B reimbursement for medically necessary wound care services, including advanced skin substitute graft applications. A true and correct copy of Judge Wilt's decision is attached as **Exhibit 2**.  The decision is unsupported by substantial evidence, contains errors of law, and is arbitrary and capricious.

4. At the ALJ hearing, the undersigned Adam Snyder appeared as counsel and as the appointed representative for Innovative, pursuant to a valid appointment of representative form which is on file in the administrative record of this matter, OHMA Appeal No. 3-14494568214.

5. The ALJ's decision is unsupported by substantial evidence, is contrary to law, and is arbitrary and capricious because, among other things, the ALJ's decision applied incorrect Local Coverage Determinations, inappropriately rejected or failed to consider highly probative evidence, and imposed non-existent requirements as pre-requisites to reimbursement.

### I.        JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 405(g), as incorporated into the Medicare Act by 42 U.S.C. §§ 1395ff(b)(1)(A) and 1395ii.

7. Jurisdiction is proper because the Medicare Appeals Council issued an Order Granting Request for Escalation dated February 20, 2026, authorizing Plaintiff to seek judicial review due to agency delay under 42 C.F.R. § 405.1132.  Exhibit 1.

COMPLAINT FOR JUDICIAL REVIEW - 2

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

8. Under 42 C.F.R. § 405.1132(a)(2) through (b) where the Council fails to issue a decision within the required timeframe, a party may obtain judicial review of the ALJ decision.

9. The Council expressly determined that the 90-day adjudication period had expired and that it was unable to issue a decision within the regulatory timeframe, thereby permitting this escalation to federal court.

10. The amount in controversy exceeds the applicable threshold for judicial review of $1,960 and the underlying administrative proceedings involve an alleged overpayment of approximately $671,184.96.

11. This action is timely under 42 U.S.C. § 405(g) because it was filed within sixty (60) days of Plaintiff's receipt of the Medicare Appeals Council's February 20, 2026, Order Granting Request for Escalation, which authorizes judicial review under 42 C.F.R. § 405.1132(b).

12. Venue is proper in this District under 42 U.S.C. § 405(g) because Plaintiff's principal place of business is located in Bonney Lake, Washington.

## II.　PARTIES

13. Plaintiff Innovative Wound Healing & Dermatology PLLC is a healthcare provider enrolled as a Medicare supplier under 42 U.S.C. § 1395x(d) located in Washington State that furnishes specialized wound care services to Medicare beneficiaries.

14. Defendant is the Secretary of Health and Human Services, the proper defendant in an action for judicial review under 42 U.S.C. § 405(g), as incorporated into the Medicare Act by 42 U.S.C. § 1395ii, and is named in his official capacity.

## III.　STATEMENT OF CLAIM

15. Plaintiff submitted claims to Medicare for advanced wound care, including skin substitute graft applications, provided to multiple Medicare beneficiaries between February 4,

COMPLAINT FOR JUDICIAL REVIEW - 3

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

2023, and August 11, 2023. The beneficiaries who received these services suffered from chronic, non-healing lower extremity and other wounds — including diabetic foot ulcers, venous leg ulcers, and pressure ulcers — that had failed to respond to conventional wound therapies.

16. Plaintiff applied advanced skin substitute grafts as a medically appropriate and necessary intervention after standard treatments proved inadequate. The services were ordered and provided by qualified treating practitioners, including physicians and physician assistants, in a home or clinic setting appropriate to the beneficiaries' medical needs.

17. Innovative utilized and paid for products that were FDA-cleared cellular and tissue-based products such as AmnioCore, carePATCH, and Zenith Amniotic Membrane to which beneficiaries responded well, which improved their health and prevented other health issues including, but not limited to, amputations.

18. Medicare paid reimbursement to providers like Innovative for "skin substitutes" during the relevant time period and did so during a period of unprecedented growth in "skin substitute" spending, as the Centers for Medicare and Medicaid Services ("CMS") announced an increase in such spending from $256 Million in 2019 to $10 Billion in 2024, for which CMS also announced it stopped $185 Million in improper payments in 2025, thus acknowledging that a substantial portion of such payments were proper under the applicable, then-current rules.

19. The Medicare Administrative Contractor, Noridian Healthcare Solutions, LLC (the "MAC"), initially paid the claims submitted by Plaintiff.

20. Thereafter, the Unified Program Integrity Contractor ("UPIC"), Qlarant, conducted a post-payment review of Plaintiff's claims. The UPIC reviewed a sample of 39 claims comprising 86 claim lines involving eight Medicare beneficiaries, as identified on Attachment A to Exhibit 1 and Attachment A to Exhibit 2.

COMPLAINT FOR JUDICIAL REVIEW - 4

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

21. Following its review, the UPIC concluded that the claims were not payable under Medicare requirements and determined that an overpayment existed in the amount of approximately $671,184.96.

22. Based on the UPIC's findings, the MAC issued overpayment demand letters dated March 26, 2024, and March 28, 2024, seeking recoupment of the alleged overpayment.

23. Plaintiff timely appealed the overpayment determination through the Medicare administrative appeals process. On November 11, 2024, the Qualified Independent Contractor ("QIC") issued a partially favorable reconsideration decision, but upheld the denial of most claims and upheld the overpayment determination. Following issuance of the overpayment demand, Medicare fully recouped the alleged overpayment amount from Plaintiff. Accordingly, the full principal amount of approximately $671,184.96 has already been collected from Plaintiff.

24. Plaintiff thereafter requested a hearing before an ALJ, which resulted in the attached hearing and decision. On April 15, 2025, the ALJ issued an unfavorable decision, improperly concluding that the services at issue were not "reasonable and necessary" under the Medicare statute.

25. Plaintiff timely requested review of the ALJ's decision by the Medicare Appeals Council on or about June 15, 2025, pursuant to 42 C.F.R. § 405.1102.

26. The Medicare Appeals Council did not issue a decision, dismissal, or remand within the required adjudication period set forth in 42 C.F.R. § 405.1100.

27. On February 11, 2026, Plaintiff submitted a written request for escalation to federal district court. On February 20, 2026, the Medicare Appeals Council issued an Order Granting Request for Escalation, confirming it was unable to issue a timely decision. Exhibit 1.

COMPLAINT FOR JUDICIAL REVIEW - 5

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

28.   In this matter, ALJ Wilt committed error by: (i) applying requirements more stringent than those contained in any applicable NCD or LCD governing Plaintiff's claims; and (ii) relying on the Withdrawn LCD, which the ALJ acknowledged was not yet in effect at the time of service and which CMS subsequently rescinded.

29.  The ALJ's decision is unsupported by substantial evidence because the administrative record demonstrates that the services at issue were medically reasonable and necessary.  The peer-reviewed literature submitted by Plaintiff, which the ALJ expressly found to support the safety and effectiveness of the skin substitute products at issue, was accepted into the record but then disregarded based on inapplicable prerequisites.  The treating practitioners' attested clinical summaries establish the clinical course and medical necessity for each beneficiary, and affirmatively contain the very documentation of items the ALJ cited as absent to justify the denials.

30.   When the legally inapplicable prerequisites are stripped away, the record contains unchallenged evidence that each patient had a chronic, non-healing wound that failed to respond to more conservative care, that a qualified provider determined that advanced skin substitute grafts were medically necessary, and the beneficiaries were in fact being treated for chronic wounds.  A denial that sets aside this uncontested record in favor of the Inapplicable LCD or the Withdrawn LCD is unsupported by substantial evidence and legally erroneous.

31.  The determination is further legally erroneous because the ALJ disregarded applicable Medicare Program Integrity Manual sections governing documentation and signature requirements and misapplied authentication standards for attested clinical summaries, rejecting Plaintiff's physician-attested clinical summaries solely because they were not original contemporaneous encounter notes and allegedly lacked the date written, date signed, or a valid

COMPLAINT FOR JUDICIAL REVIEW - 6

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

signature — each of which is contradicted by Medicare policy.

32. The ALJ failed to apply the clinical summaries under Medicare Program Integrity Manual, Ch. 3 § 3.3.2.4, which provides that when a medical record entry lacks a timely signature, a provider may submit an attestation statement rather than add a late signature. CMS guidance document 'Complying with Medicare Signature Requirements' (ICN 905364) expressly confirms that a signed attestation from the record's author is an acceptable remedy. The attestations here were executed in the form Medicare policy expressly recognizes, yet the ALJ refused to apply them despite admitting this evidence into the record as good cause and relevant, rendering the ALJ's subsequent refusal to consider it legally erroneous.

33. The determination is further legally erroneous because the ALJ failed to consider relevant evidence contained in the record and relied upon its absence as the basis for denial.

34. The determination is legally erroneous because the ALJ relied on two inapplicable LCDs. First, the ALJ applied LCD L38902 ('Wound and Ulcer Care'), issued by Noridian for a different Medicare contractor jurisdiction, which had no application to Plaintiff's claims (the 'Inapplicable LCD'). Second, the ALJ applied LCD L39764 ('Skin Substitute Grafts for Diabetic Foot Ulcers and Venous Leg Ulcers'), which was not effective until January 1, 2026 — well after the dates of service at issue — and which CMS subsequently withdrew before it ever came into effect (the 'Withdrawn LCD').

35. CMS withdrew the Withdrawn LCD effective December 24, 2025, confirming it never came into effect. The ALJ's reliance on this policy, which was both prospective at the time of the services and subsequently rescinded, renders the denial doubly arbitrary and unsupported.

36. Both the QIC and the ALJ acknowledged that the QIC relied on the Inapplicable LCD to deny the contested claims, rendering those denials unsupported and unlawful.

COMPLAINT FOR JUDICIAL REVIEW - 7

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

37. The ALJ's decision expressly acknowledged the No Applicable LCD condition — that no LCD governed Plaintiff's claims at the time of service — yet imposed criteria from the Inapplicable LCD and the Withdrawn LCD as if they were binding, in violation of 42 C.F.R. § 405.1062. While the ALJ retains discretion under the 'reasonable and necessary' standard, that discretion does not permit the imposition of specific clinical prerequisites absent statutory, regulatory, or binding policy authority. While the ALJ retains discretion under the 'reasonable and necessary' standard, that discretion does not permit the imposition of specific clinical prerequisites absent statutory, regulatory, or binding policy authority and neither the Inapplicable LCD nor the Withdrawn LCD provided any such authority here.

38. Under the No Applicable LCD condition, no governing policy authorized the three coverage prerequisites the ALJ applied here — the four-week wound therapy prerequisite, the compression therapy requirement, and the twelve-week treatment limit — none of which had any statutory or regulatory basis applicable to Plaintiff's claims.

39. Neither the QIC nor the ALJ identified any applicable coverage criteria to support denial of the claims. Reliance on the Inapplicable LCD and the Withdrawn LCD constitutes legal error.

40. At the ALJ hearing of this matter, Innovative called an expert to testify in addition to the treating physician, Dr. Daniel Levy. Ms. Marilyn Chew, RN, MBA, LNHA, CPC, COC, CHC, LNCC, RAC-CT is an expert in Medicare rules and regulations and certified in coding. Ms. Chew has testified on behalf of providers on many prior occasions.

41. Ms. Chew's unchallenged testimony at hearing was that the claims were medically necessary, reimbursable and supported by the documentation in the record and were proper and reimbursable in accordance with Medicare Standards.

COMPLAINT FOR JUDICIAL REVIEW - 8

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

42. Dr. Levy was also not cross-examined at hearing, and testified regarding the records, treatment of beneficiaries, the submitted peer-review material, and documented clinical improvement, objective wound healing progression, beneficiary outcomes and improved health among the beneficiaries.

43. The MAC did not appear at the hearing and instead submitted a position paper. Dr. Levy's and Ms. Chew's testimony were both uncontroverted at hearing, but nevertheless improperly disregarded by the ALJ.

## IV.    CAUSES OF ACTION

**COUNT I — Judicial Review Under 42 U.S.C. § 405(g)**

44. Plaintiff realleges and incorporates by reference paragraphs 1–43 as if fully set forth herein.

45. The ALJ's April 15, 2025, decision constitutes the operative administrative determination subject to judicial review following escalation from the Medicare Council.

46. The challenged determination is contrary to law because it imposes coverage requirements not found in the Medicare statute, regulation, or applicable binding policy, including by imposing reimbursement prerequisites that are not required.

47. The ALJ improperly imposed the following three coverage prerequisites that are unsupported by any statute, regulation, NCD, or LCD applicable to the claims: (a) that advanced skin substitute grafts may only be used after a wound has failed to improve following four weeks of standard wound therapy; (b) that a treatment plan must include compression therapy; and (c) that graft application may not exceed twelve weeks.

48. The determination is legally erroneous because it is unsupported by any Medicare statute, regulation, or applicable rule in Jurisdiction F at the time of service. The ALJ derived

COMPLAINT FOR JUDICIAL REVIEW - 9

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

requirements by misapplying observational parameters from peer-reviewed literature and by relying on the Withdrawn LCD, which the ALJ expressly acknowledged was not yet in effect at the time of service. By imposing inapplicable prerequisites, the ALJ exceeded the ALJ's adjudicatory authority by denying coverage on the basis of unpublished standards that Plaintiff had no fair opportunity to satisfy or anticipate.

**COUNT II – Waiver Under Section 1870, Social Security Act**

49. Plaintiff realleges and incorporates by reference paragraphs 1–48 as if fully set forth herein.

50. At a minimum, Innovative is entitled to a waiver of liability in this matter under Section 1870 of the Social Security Act.

51. Innovative is without fault, rendering any overpayment unrecoverable and recovery would be against equity and good conscience.

52. Noridian finalized a LCD in November, 2024, establishing criteria for the use of skin substitute grafts that was originally scheduled to take effect February 12, 2025, was postponed in January, 2025, postponed again to January 1, 2026, and then withdrawn in total by CMS as of December 24, 2025.

53. When CMS withdrew skin substitute LCD's on December 24, 2025, it also set reimbursement for skin graft substitutes at $127.14 per square centimeter, thus addressing its concerns about its spending under existing rules, and for which CMS estimates will reduce fee-for-service spending on skin substitutes by more than $19 Billion in 2026.

54. Innovative is not at fault with respect to the claims at issue and the inapplicable requirements imposed on it by the ALJ's determination and Innovative could not be expected to comply with rules that did not exist, thus depriving it of due process. Innovative's billings were

COMPLAINT FOR JUDICIAL REVIEW - 10

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

consistent with industry-wide billing practices at the time of service, including CMS's payment of the same types of claims during and after the time period at issue in this matter, and the lack of clear guidance all support Innovative's actions and demonstrate a lack of fault on the part of Innovative.

55.    Section 1879 of the Social Security Act provides that when Medicare excludes payment and coverage pursuant to Section 1862(a)(l) of the Act, payment may nevertheless be made for the items or services, if, as in this case, neither the beneficiary nor the provider or supplier knew, or could not reasonably be expected to have known, that that the items or services would not be covered or payable by Medicare.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Reverse the ALJ's April 15, 2025, decision and find that the claims at issue were reasonable and necessary and properly payable under Medicare and, accordingly, issue a Judgment and Order to Pay, as applicable;

B.    Alternatively, remand this matter to the Secretary for further administrative proceedings consistent with the Court's ruling;

C.    Award Innovative its costs and, where authorized, interest and attorney's fees; and

D.    Grant such other and further relief as the Court deems just and proper.

///
///
///

COMPLAINT FOR JUDICIAL REVIEW - 11

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}

DATED this 20th day of April, 2026.

OGDEN MURPHY WALLACE, PLLC

By:  _____
Adam G. Snyder, WSBA #25650
Adriana C. Lein, WSBA #60237
Ogden Murphy Wallace, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, WA  98104
Telephone:  206.447.7000
Facsimile:   206.447.0215
E-mail: asnyder@omwlaw.com

Attorneys for Plaintiff

COMPLAINT FOR JUDICIAL REVIEW - 12

OGDEN MURPHY WALLACE, P.L.L.C.
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104
Tel: 206.447.7000/Fax: 206.447.0215

4936-1639-1587, v. 2
{AGS4936-1639-1587;2/14984.000001/}